

**40 Fulton Street, 12th Floor**
**New York, New York 10038**
**Tel.: (212) 585-3425**
**Fax: (888) 332-5658**
www.kishnerlegal.com

January 26, 2021

**VIA ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *Francisco Ajcalon Samines, v. Hourglass Holdings, Inc., et al.*
         E.D.N.Y. Case No.: 20-cv-5405 (JGK)

Dear Judge Koeltl:

This law firm represents the defendants in the above-referenced action and writes to respectfully request that the Court so-order the attached stipulated protective order that will facilitate the exchange of information in advance of the parties' next mediation session, which is presently scheduled for February 3, 2021.

We appreciate the Court's time and attention to this matter and counsel is available to answer any questions or to address any concerns that that Court may have.

Respectfully submitted,

/s/ Edward C. Wipper

Edward C. Wipper

cc:     Peter Hans Cooper, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 20-cv-5405 (JGK)

FRANCISCO AJCALON SAMINES,

**STIPULATED PROTECTIVE ORDER**

*Plaintiff*,

-against-

HOURGLASS HOLDINGS INC., doing business as
BOKA RESTAURANT, and JUN SEONG KIM,
and EUN S. LIM, ,

*Defendants*.

KOELTL, United States District Judge:

The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order

governing the pre-trial phase of this action and the mediation of a settlement of this action, it is

therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties

to this action, their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this

Order -- shall adhere to the following terms, upon pain of contempt:

1.   Any person subject to this Order who receives from any other person any "Discovery

Material" (i.e., information of any kind provided in the course of discovery in this action) or

Mediation Material (i.e., information of any kind provided in the course of court-supervised

mediation of this action, including but not limited to the presently pending mediation before

mediator Dennis Drebsky, Esq.) that is designated as "Confidential" or "Confidential – Attorneys'

Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery

Material or Confidential Mediation Material to anyone else except as expressly permitted hereunder.  The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of exchange or disclosure shall not constitute a waiver of the right to designate such document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" provided the material is designated pursuant to Paragraph 4 hereof at any time thereafter.

2.    The person producing any given Discovery Material may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" only such portion of such material as consists of:

(a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)    previously nondisclosed material relating to ownership or control of any non-public company;

(c)    previously nondisclosed business plans, product development information, or marketing plans;

(d)    any information of a personal or intimate nature regarding any individual;

(e)    any other category of information hereinafter given confidential status by the Court; or

(f)    any other document, exhibit, answer to interrogatory, response to request for admissions, deposition testimony or transcription if counsel determines, in good faith, that such confidential designation is necessary to protect the interest of the client.

3.    With respect to the Confidential portion of any Discovery Material or Mediation

Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking accordingly as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.    If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material or Mediation Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material or Mediation Material will thereafter be treated as Confidential under the terms of this Order.

5.    No person subject to this Order other than the producing person shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)    the parties to this action;

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any witness who counsel for a party in good faith believes may be called to testify

at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

6.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.     Discovery Material designated as "Confidential Attorneys' Eyes Only" shall not be disclosed to any person referred to in subparagraph 5(a). No person subject to this Order other than the producing person may disclose any Confidential Mediation Material (whether designated as "Confidential" or "Confidential Attorneys' Eyes Only") other than to those persons referred to in subparagraphs 5(b) and (c) above and to no other persons.

8.     All Confidential Discovery Material or Confidential Mediation material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material or Confidential Mediation Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties

will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers withthe Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, thatredacts only the Confidential Discovery Material and the Confidential Mediation itself, and not text that in no material way reveals the Confidential Discovery Material or the Confidential Mediation Material.

9.     Provided that Confidential Mediation Materials are otherwise discoverable, a receiving party may use such Mediation Material for the prosecution and defense of this action and any appeals thereto, provided the receiving party has duly served a discovery request for such Mediation Material and gives notice from a receiving party that it intends to treat Mediation Material as if it were produced in response to such discovery request.  Notwithstanding anything to the contrary contained herein, a receiving party may not use any Mediation Material or Discovery Material for any business, commercial, or competitive purpose or in any other litigation proceeding subject to the applicable confidentiality protections contained herein. Nothing contained in this Order, however, will affect or restrict a person or party from (i) objecting to the use of Mediation Material as if it had been produced in discovery or (ii) objecting to the use of Mediation Material by a party for the prosecution and defense of this action and any appeals thereto or (iii) using its own documents or information.

10.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on, may at any time prior to thetrial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds ofthe objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a jointtelephone call with the Court to obtain a ruling.

11.     All persons are hereby placed on notice that the Court is unlikely to seal or

otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.     Each person who has access to Confidential Discovery Material or to Mediation Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as

a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.    The disclosing party retains the burden of establishing the privileged or protected nature of any InadvertentlyDisclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

18.    This Protective Order shall survive the terminationof the litigation. Within 30 days of the final disposition ofthis action, all Discovery Material designated as "Confidential"or "Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person,destroyed.

19.    Nothing in this Order shall affect any Party's right, in addition to designating documents as Confidential or Confidential-Attorneys' Eyes Only hereunder, from also designating such Mediation Material as privileged under Federal Rule of Evidence 408 or any other statute or legal precedent that protects a producing party against the use of information it exchanges with another party for purposes of settlement.

20.    This Court shall retain jurisdiction over allpersons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

//

contempt thereof.

SO STIPULATED AND AGREED.


**KISHNER MILLER HIMES P.C.**
*Attorneys for Defendants*

By:      /s/ Edward C. Wipper
_____
     Ryan O. Miller, Esq.
     Edward C. Wipper, Esq.
     40 Fulton Street, 12th Floor
     New York, New York 10038
     (212) 585-3425


**CILENTI & COOPER, PLLC**
*Attorneys for Plaintiff*

By:      *Peter Cooper*
_____
     Peter Hans Cooper, Esq.
     10 Grand Central
     155 East 44th Street – 6th Floor
     New York, NY 10017
     Tel: 212-209-3933

---

Dated: January 27 2021


SO ORDERED:

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time.

     /s/ John G. Koeltl
_____

     John G. Koeltl
     United States District Judge
     Southern District of New York

 Dated:        New York, New York
               January 27, 2021

---

*Page 8*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FRANCISCO AJCALON SAMINES,<br><br>                                Plaintiff,<br><br>-against-<br><br>HOURGLASS HOLDINGS INC., doing business as<br>BOKA RESTAURANT, and JUN SEONG KIM,<br>and EUN S. LIM, ,<br><br>                                Defendants. | Case No.: 20-cv-5405 (JGK)<br><br>**EXHIBIT TO STIPULATED<br>PROTECTIVE ORDER** |

I ,_____, acknowledge that I have read and understand

the Protective Order in this action governing the non-disclosure of those portions of Confidential

Discovery Material. I agree that I will not disclose such Confidential Discovery Material to

anyone other than for purposes of this litigation and that at the conclusion of the litigation I will

return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern District

of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.

Dated: _____          _____

*Page 9*